## Case No. 11,610.

### READ et al. v. MILLER et al.

[3 Fish. Pat. Cas. 310; 2 Biss. 12.][1]

Circuit Court, D. Indiana. Nov., 1867.

PATENTS—STATE STATUTE OF LIMITATIONS—PLEADING AT LAW.

1. To an action on the case for the infringement of a patent, no state statute of limitation can be pleaded in bar.

[Cited in Anthony v. Carroll, Case No. 487. Quoted in California Artificial Stone Paving Co. v. Starr, 48 Fed. 561.]

2. The policy of the national government in putting the whole subject-matter of patents for new and useful improvements and inventions under the control of congress and the United States courts, was, evidently, to provide a uniform rule concerning the same throughout the United States, so that patentees shall everywhere have the same rights and the same remedies.

[Quoted in California Artificial Stone Paving Co. v. Starr, 48 Fed. 561.]

3. In such an action the defendant can not plead the general issue with notice of special matter of defense, and also, in a special plea, set up the same matter in bar.

[Cited in Cottier v. Stimson, 18 Fed. 692.]

[This was a demurrer to special pleas in an action on the case for the infringement of letters patent for "an improvement in harvesters," granted to Jonathan Read, April 12, 1842 [No. 2,488], and extended for seven years from April 12, 1856. The patent expired April 12, 1863. Suit was brought, in the spring of 1867, to recover damages which had accrued from the infringement of the patent during its lifetime. The defendants [James A. Miller and others] pleaded the statutes of Indiana and Kentucky, the defendants having resided in Kentucky when manufacturing the infringing machines, and in Indiana at the time when the suit was brought. To these pleas the plaintiffs [William T. B. Read and others] demurred. and moved, at the same time, to strike off the fourth special plea filed by defendants, on the ground that the same matters were set up in the special notice under section fifteen of the act of July 4, 1836 [5 Stat. 123], which accompanied the plea of the general issue. The motion and demurrer were argued together.][2]

Porter, Harrison & Fishback and S. S. Fisher, for plaintiffs.

G. M. Lee, for defendants.

McDONALD, District Judge. This is an action on the case for the violation of a patent right. The defendants have pleaded four pleas: 1. The general issue with notice of special defenses. 2. A plea of the statute of limitation of the state of Kentucky, averring that the supposed cause of action accrued in that state, then the place of residence of the

[1] [Reported by Samuel S. Fisher, Esq., and by Josiah H. Bissell, Esq., and here compiled and reprinted by permission. The syllabus and opinion are taken from 3 Fish. Pat. Cas. 310, and the statement from 2 Biss. 12.]

[2] [From 2 Biss. 12.]

defendants, more than five years next before the commencement of this suit. 3. A plea of the statute of limitation of Indiana, denying that the cause of action accrued within five years next before the bringing of this action. 4. A special plea, denying the novelty of the invention in question. To the second and third pleas the plaintiffs demur.

Counsel for the defendants seem to admit in their brief that the plea of the statute of limitation of Kentucky is not a bar to the action, though the Indiana Code of Procedure (section 216) provides that "when a cause has been fully barred by the laws of a place where the defendant resided, such bar shall be the same defense here as though it had arisen within the state." Riser v. Snoddy, 7 Ind. 442. It appears to me, therefore, that this plea is as good as the plea of the statute of limitation of the state of Indiana.

But the plaintiffs' counsel argue that no statute of limitation, enacted by any state, can be pleaded in bar of this action. And this is the only point worthy of consideration on the demurrer to these pleas. It is certain, as a general rule, that the laws of a state, in which a national court sits, must be the rules of decision in such court. This general rule is founded on section 34 of the judiciary act [1 Stat. 92], which provides that "the laws of the several states, except where the constitution, treaties, or statutes of the United States shall otherwise require or provide, shall be regarded as the rules of decision, in trials at common law in the courts of the United States, in cases where they apply."

It is too well settled to require the citation of authorities, that in ordinary actions at law in the United States courts, the statutes of limitation of the state where the suit is brought may be pleaded under this provision of the judiciary act. And it is equally well settled, that this provision only embraces property laws and laws concerning personal rights, and not mere forms of procedure.

Then, state statutes of limitation may, as a general rule, be pleaded to actions pending in the national courts. But must we not deem the action in question to form an exception to this general rule? The general rule undoubtedly embraces most actions over the subject-matter of which the state and national courts have concurrent jurisdiction. But does it embrace also those actions, the subject-matter of which is under the exclusive control of the national legislature and judiciary?

The constitution of the United States has given to the national government exclusive control of the whole subject matter of patent rights for new and useful inventions. No state, therefore, can pass any valid law concerning them. It is not any state law, nor even the common law, that authorizes the action under consideration. It is given by the act of congress of July 4, 1836. And this act, as I construe it, gives the United States circuit courts exclusive jurisdiction over the

whole subject matter. No state court can adjudicate on the question of the violation of a patent right. Questions touching these rights may, indeed, incidentally arise in the state courts, and be decided by them. But, I repeat, that no state court can try a case like the one under consideration.

The policy of the national government, in thus putting the whole subject matter of patents for new and useful improvements and inventions under the control of congress and the United States courts, evidently was to provide a uniform rule concerning the same throughout the United States, so that patentees shall everywhere have the same rights and the same remedies. And this is eminently proper, for the whole subject is one not of local but of national concern. But no such policy is deducible from section 34 of the judiciary act. Indeed, that section plainly indicates a contrary policy; for, in regard to the matters which it embraces, it destroys the uniformity of the rules of decision in the national courts, and requires them to conform to the laws of the respective states, however various and contradictory those laws may be.

Since, then, no state has any power to legislate concerning patent rights, and no state court has jurisdiction to adjudicate concerning any violation of them, it can hardly be supposed that a state may, nevertheless, pass statutes of limitation concerning them, which shall control national courts in suits brought for their infringement. It ought not to be presumed that the state legislature, in passing a statute of limitation, ever intended it to extend to patent right litigations, since such litigation can not arise in a state court. Nor ought the presumption to be indulged that section 34 of the judiciary act could have been intended to authorize state legislatures to pass statutes of limitation on subjects over which the states have no control. Moreover, it should be noted that section 34 of the judiciary act only makes the laws of the several states rules of decision in the national courts "in cases where they apply." Now, it appears to me that these state laws do not apply in cases over which state governments have no control whatever, and which are under the exclusive control of the general government.

The counsel for the defendants seems to rely confidently on the case of McLuny v. Silliman, 3 Pet. [28 U. S.] 270, as sustaining the pleas in question. But I think that case not in point. It was an action against Silliman, a land officer, for official misconduct. Over the subject-matter of it, I suppose the state and national courts had concurrent jurisdiction. If so, the case evidently fell within the provisions of section 34 of the judiciary act, and so it was decided by the supreme court. In that case, therefore, the plea of the statute of limitation of the state of Ohio was very properly held to be a good bar to the action.

Upon the whole, I conclude that no state statute of limitation can bar this action. And I think that, should a state legislature pass an act in express terms limiting the action on the case for violating patent rights, a thing I believe never yet attempted by any state legislature, such an act would be unconstitutional and void.

The demurrer to the second and third pleas is sustained.

The plaintiffs move to strike out the fourth plea, on the ground that it merely amounts to the general issue as accompanied with notice of special matter of defense. At common law this plea would undoubtedly be bad as amounting to the general issue, for it is a mere denial of a material allegation in the declaration. So it has been held in patent right cases in England. Curt. Pat. § 271. But section 15 of the patent law of 1836 (5 Stat. 123) appears to change this rule. It provides that, in actions of this sort, "the defendant shall be permitted to plead the general issue, and to give this act, and any special matter, in evidence, of which notice in writing may have been given to the plaintiff or his attorney, thirty days before the trial, tending to prove * * * that the patentee was not the original inventor or discoverer of the thing patented." It seems that the special matter mentioned in this section can not be given in evidence under the general issue, without notice, as might have been done at common law.

Under the act of 1793 [1 Stat. 318], containing a provision similar to that above cited, it has been held that the notice accompanying the general issue, is "a substitute for a special plea, to which a defendant is not bound to resort;" and that "he may still plead specially, and then the plea is the only notice which the plaintiff can claim." Evans v. Eaton, 3 Wheat. [16 U. S.] 454.

It is clear, therefore, that the defendant may specially plead that the plaintiffs are not the original inventors of the thing patented as alleged in the declaration. But the question is, may they both plead the general issue with notice of special matter of defense, and a special plea containing exactly the same special matter of defense? If the matter of defense stated in the plea were different from that contained in the notice, I think the special plea might be added. But here the matter is the same in both.

Although, in general, every defendant may file as many pleas as he thinks proper, yet he is not permitted to file several pleas substantially identical. If he does so, he must either elect on which one he will rely, and abandon the rest, or the court will strike out all of them but one.

We have seen that the notice of special matter of defense, under the general issue is, "a substitute for a special plea." It must, therefore, be deemed equivalent to a special plea. The defendants, then, have on file what are virtually two special pleas, exactly alike as to matter of special defense. The second

one can not benefit them; and it can only serve to cumber the record. The fourth plea must, therefore, be stricken from the files.